# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

**NATIONWIDE PROPERTY AND**
**CASUALTY INSURANCE COMPANY,**

      **Plaintiff,**

v.     **Docket No.:**
      **Judge**

**DONALD MULLINS, KAREN MULLINS,**
**and MAGNOLIA VILLAS HOMEOWNER**
**ASSOCIATION, INC.,**

      **Defendants.**

___

## COMPLAINT FOR DECLARATORY JUDGMENT
___

Comes now Plaintiff, Nationwide Property and Casualty Insurance Company ("Nationwide" or "Plaintiff"), for its Complaint for Declaratory Judgment against Defendants, Donald Mullins, Karen Mullins, and Magnolia Villas Homeowners Association, would state and show as follows:

### PARTIES

1. Plaintiff Nationwide Property and Casualty Insurance Company is an Ohio corporation with its principal place of business located in Columbus, Franklin County, Ohio, and duly qualified to do business in Tennessee.

2. Defendant Magnolia Villas Homeowner Association, Inc. (Magnolia Villa HOA) is a Tennessee Corporation with its principal place of business located in Knoxville, Tennessee, and may be served with process through its Registered Agent,

HOA Management, Inc., at 120 Suburban Road, Suite 103, Knoxville, Tennessee 37923-5592.

3. Defendants Donald and Karen Mullins are residents and citizens of Knox County, Tennessee, and may be served with process at their residence located at 9209 Putters Way, Knoxville, Tennessee 37922

4. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because it is the district in which a substantial part of the events giving rise to the claim occurred and in which Defendant has its principal place of business.

## **FACTS**

6. Plaintiff Nationwide issued its Businessowner's Policy of Insurance, policy number ACP BPHK 5643461945 (copy attached as **Exhibit A**), to Magnolia Villas HOA on June 3, 2008, and was renewed yearly through June 3, 2013. This policy was in full force and effect from June 3, 2008 to June 3, 2013 subject to a declaration by this Court that the policy is void from inception due to misrepresentations in the application for insurance.

7. On October 2, 2013, Donald and Karen Mullins filed a Complaint against Magnolia Villas HOA, seeking compensatory damages in an amount not to exceed $100,000.00 for damages caused by Magnolia Villas HOA's negligence, breach of

contract, and temporary nuisance. The Complaint bears the docket number 186208-3, and a copy is attached hereto as **Exhibit B**.

8. The allegations of the suit, according to the Complaint bearing docket number 186208-3, arise out of a series of alleged acts and/or omissions by Magnolia Villas HOA that caused extensive water damage to the Plaintiff's condominium unit.

9. Specifically, the complaint alleges that beginning in 2006 and continuing to the present date, water has accumulated in areas adjacent to and abutting Donald and Karen Mullins' real property, and water draining from Magnolia Villas HOA's common area has entered the Mullin's property causing saturation of the crawl space, resulting in extensive water damage to the Mullins' condominium unit.

10. The Mullins allege that Magnolia Villas HOA is responsible for the maintenance, repair, replacement, administration and operation of the property owned by Donald and Karen Mullins, which includes the area where water drains and accumulates.

11. The Mullins have alleged that the water accumulation and intrusion was caused, either in whole or in part, by improper maintenance and/or repair by Magnolia Villas HOA.

12. The Mullins have further alleged that Villas HOA has failed and refused to adequately remedy the drainage and water accumulation issues, repair the damage to their property, and has failed and refused to reimburse the Plaintiffs for their repair expenses and other losses they have incurred as a result of the standing water and water intrusion.

13. Defendant Magnolia Villas HOA has demanded that Plaintiff provide a defense and coverage for the above-referenced lawsuit filed against him by Donald and Karen Mullins, in the Chancery Court of Knox County, Tennessee.

14. Plaintiff contends and asserts that it has no duty under its Businessowner's Policy of Insurance, policy number ACP BPHK 5643461945 to defend and/or indemnify Magnolia Villas HOA under the facts alleged in the Complaint filed by Karen and Donald Mullins. Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

15. Nationwide's Businessowner's Policy states in pertinent part:

A. COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY
   1. INSURING AGREEMENT

   a. We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy. HOWEVER, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   . . .

   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
      (2) The "bodily injury" or "property damage" occurs during the policy period; and
      (3) Prior to the policy period, no insured listed under paragraph 1. of Section II. WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

   …

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II. WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
   (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
   (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
   (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.
   …

2. **EXCLUSIONS**
   This insurance, including any duty we have to defend "suits", does not apply to:
   …
   b. **Contractual Liability**
      "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
      …
      (2) Assumed in a contract or agreement that is an "insured contract"….
      …
   j. **Damage to Property**
      "Property damage" to:
      …
      (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
      …
      Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.
      Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".
   …

IV. LIABILITY CONDITIONS
    …
    2. Duties In The Event Of Occurrence, Offense, Claim or Suit
       a. You and any insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense that may result in a claim. To the extent possible, notice should include:
          (1) How, when and where the "occurrence" or offense took place;
          (2) The named and addresses of any injured persons and witnesses; and
          (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
    …

V. DEFINITIONS

…
9. "Insured contract" means:
…
    f. That part of any other contract or agreement pertaining to your business…under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
…
13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
…
16. "Products-completed operations hazard":
    a. Includes all "bodily injury" or "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
…
        (2) Work that has not yet been completed or abandoned.
…
    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

17. "Property Damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it….
…
22. "Your work":
    a. Means:
        (1) Work or operations performed by you or on your behalf; and
        (2) Materials, parts or equipment furnished in connection with such work or operations.
    b. Includes:
        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
        (2) The providing of or failure to provide warnings or instructions.

15. According to the allegations of the Complaint, the water drainage and accumulation problems began as early as 2006.

16. Magnolia Villas HOA had knowledge of these ongoing water problems and possible damages caused thereby as early as October 2006.

17. Magnolia Villas HOA did not inform Nationwide of these problems and possible damage when it applied for the insurance policy at issue.

18. Pursuant to the "known loss" provision in the policy and the "loss in progress" doctrine, Nationwide contends that it has no duty to defend and/or indemnify Magnolia Villas HOA in that case filed by the Mullins or to provide coverage for any liability arising out of the alleged acts and/or omissions of Magnolia Villas HOA, as described in the Mullins' Complaint.

19. According to the allegations in the Complaint, the Mullins sustained certain damages as a result of Magnolia Villas HOA's failure to adequately remedy the drainage and water accumulation issues and repair the damage to their property.

20. Pursuant to the "your work" provision in the policy, Nationwide contends that it has no duty to defend and/or indemnify Magnolia Villas HOA in that case filed by the Mullins or to provide coverage for any liability arising out of the alleged acts and/or omissions of Magnolia Villas HOA, as described in the Mullins' Complaint.

21. Additionally, pursuant to the "contractual liability exclusion" provision in the policy, Nationwide contends that it has no duty to defend and/or indemnify Magnolia Villas HOA in that case filed by the Mullins or to provide coverage for any liability arising out of the alleged acts and/or omissions of Magnolia Villas HOA, as described in the Mullins' Complaint.

22. When Magnolia Villas HOA, though its agent, completed and signed an application for insurance in 2008, it answered in the negative in response to the question of whether it had suffered any losses within the previous five (5) years.

23. Based on the allegation in the Mullins' Complaint the water drainage and accumulation problems began as early as 2006.

24. Magnolia Villas HOA had knowledge of these ongoing water problems and possible damages caused thereby as early as October 2006.

25. Based on this misrepresentation made by Magnolia Villas HOA in their application for insurance, Nationwide contends that the policy of insurance is void from inception and, therefore, it has no duty to defend and/or indemnify Magnolia Villas HOA in that case filed by the Mullins or to provide coverage for any liability arising out of the alleged acts and/or omissions of Magnolia Villas HOA, as described in the Mullins' Complaint.

26. Additionally, based on Magnolia Villas HOA's failure to abide by the policy provisions regarding providing timely notice, Nationwide contends that it has no duty to defend and/or indemnify Magnolia Villas HOA in that case filed by the Mullins or to provide coverage for any liability arising out of the alleged acts and/or omissions of Magnolia Villas HOA, as described in the Mullins' Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2. For a declaration of rights, obligations, and legal relations of the Plaintiff and Defendants by reason of the aforesaid policy of insurance;

3. For a declaration that Plaintiff is not obligated to furnish legal counsel or otherwise provide a defense on behalf of Defendant Magnolia Villas HOA or any other

party-defendant in the action filed by Karen and Donald Mullins pending in the Knox County Circuit Court, docket number 186208-3;

4. For a declaration that no coverage is afforded under the insurance policy issued to Defendant Magnolia Villas HOA, policy number ACP BPHK 5643461945, for the claims and demands made in the action filed by Karen and Donald Mullins pending in the Knox County Circuit Court, docket number 186208-3;

5. For the costs of this cause; and

6. For such other relief to which Plaintiff may be entitled under the facts and circumstances of this cause.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: s/ Jonathan D. Stewart
    RUSSELL E. REVIERE , BPR #07166
    JONATHAN D. STEWART, BPR #023039
    *Attorneys for Plaintiff*
    209 E. Main Street
    P.O. Box 1147
    Jackson, TN  38302‑1147
    (731) 423‑2414

## COST BOND

We acknowledge ourselves surety for costs in the above matter not to exceed One Thousand and 00/100 Dollars ($1,000.00).

                RAINEY, KIZER, REVIERE & BELL, P.L.C.

By:   s/ Jonathan D. Stewart
       JONATHAN D. STEWART, BPR #023039
       *Attorney for Plaintiff*